# EXHIBIT A

Robert Tauler, Esq. (SBN 241964)
Tauler Smith LLP
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
Telephone: (310) 590-3927
rtauler@taulersmith.com

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/10/2023 2:05 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Jackson Aubry, Deputy Clerk

*Attorney for Plaintiff*
*Nora Gutierrez*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| NORA GUTIERREZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ORIGINS NATURAL RESOURCES INC., a California Corporation; and DOES 1 through 25, inclusive<br><br>Defendant. | CASE NO: 23STCV07877<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**1. Violations of the California Invasion of Privacy Act (Cal. Penal Code § 631)** |

COMPLAINT

Plaintiff Nora Gutierrez ("Plaintiff"), by and through her undersigned attorneys, submits this Complaint against Defendant Origins Natural Resources Inc. ("Defendant") and in support thereof, avers as follows:

**INTRODUCTION**

1. Defendant Origins Natural Resources Inc. ("Defendant") is a large well-known beauty brand that offers a range of skincare, bath and body, and makeup products online to California and worldwide consumers. Origins attempts to build trust in its brand through virtue signaling a "commitment to a green planet" and other green-washing drivel, but in reality makes money in part from selling the data of its customers to third parties who only surveil and store communications such that they can be re-packaged and re-sold to mercenary interests.

2. Specifically, Origins, who operates https://www.origins.com// (the "Website"), hosts third party applications on its website that intercepts and stores communications through a transporter code that send communications to a third party, "LivePerson," which then stores those communications in a .json file offsite, as demonstrated by the screenshot below:

```
▼ ☁ lptag.liveperson.net                        }, {
  ▼ ▣ lptag/api/account/48719195                    "service": "transporter",
    ▣ .jsonp?v=2.0&df=0&scp=u                       "account": "48719195",
    ▣ .jsonp?v=2.0&df=undefine                      "baseURI": "va.transporter.liveperson.net"
                                                 }, {
```

3. Origins never obtains consent to unwitting website visitors to the surveillance, transmission, and recording of the communications that are obtained by the above means prohibited by the California Invasion of Privacy Act ("CIPA").

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. Section 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is at least minimal diversity because at least one Plaintiff and Defendant are citizens of different states.

COMPLAINT

1

5. Defendant is subject to personal jurisdiction because it has sufficient minimum contacts with California and it does business with California residents.

**PARTIES**

6. Plaintiff Nora Gutierrez ("Plaintiff") is a citizen of California residing within the Central District of California.

7. Defendant Origins Natural Resources Inc. ("Defendant") is a California Corporation that owns, operates, and/or controls the above-referenced website.

8. The above-named Defendant, along with its affiliates and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

**FACTS COMMON TO ALL CAUSES OF ACTION**

9. Origins.com is a website used by individuals in California and throughout the country to purchase Defendant's beauty and skincare products. While spending time on Defendant's website, Consumers are encouraged to engage Defendant's chatbox and thus unwittingly provide private information unaware at the time that the information is being collected, stored, and shared with a third-party company. This third party company is named "LivePerson" and together both the Defendant and LivePerson use Consumers' information to enrich themselves in secret with no regard to consumer privacy.

10. The California Invasion of Privacy Act ("CIPA") prohibits both wiretapping and eavesdropping of electronic communications without the consent of all parties to the communication. Compliance with CIPA is easy, and the vast majority of website operators comply by conspicuously warning visitors if their conversations are being recorded or if third

parties are eavesdropping on them. In this case, Defendant failed to warn Plaintiff that her private communications would be jeopardized.

11. Specifically, Defendant uses a chat feature operated by third party LivePerson.com (aka Liveperson.net). LivePerson.com allows multiple entities to use information from consumers who believe they are communicating only with your website.

12. LivePerson.com collects the following information from visitors to Defendant's website without their consent:

    a. Personal information, such as your name and contact information;

    b. Chat and messaging transcripts;

    c. Surveys, transcripts and recordings of your communications;

    d. Web browser and usage information, including IP address, browser types, page view tallies, time spent on each page, page browsing information, operating system and type of device used;

    e. Information related to your browsing, purchasing and online behavior and activities, and

    f. financial information (credit card details, account details, payment information);

    g. employment details (employer, job title);

    h. geo-location data "regardless if you are a Visitor, End-User or a Customer"

    i. and "other data."

Source: https://www.liveperson.com/policies/privacy

13. Additionally, liveperson.com purchases marketing data from third parties and adds it to its "existing user database," ostensibly to "enrich [] profiles" of users "regardless if you are a Visitor, End-User or a Customer." Users of the website are never made aware that by simply visiting the site and engaging with the chat box, they are being surveilled in this manner. Visitors to the website are never informed of the surveillance facilitated by the website.

14. Defendant's actions are not incidental to the act of facilitating e-commerce, nor are they undertaken in the ordinary course of business. To the contrary, Defendant's actions are

COMPLAINT

3

contrary to industry norms and the legitimate expectations of consumers. Given the nature of Defendant's business, visitors often share highly sensitive personal data under the auspices of purchasing green-washed cosmetics that reveal intimate details about the purchaser. Visitors would be shocked and appalled to learn that Defendant secretly records those conversations and pays data giants while talking out of the other side of its mouth about a "green planet." Origins is evil and sells poison in the most poisonous way imaginable.

15. Defendant did not inform Plaintiff, or any of the Class Members, that Defendant was secretly wiretapping or recording their communications or aiding, abetting, and paying third parties to eavesdrop on them.

16. Defendant did not obtain Class Members' express or implied consent to wiretap or allow third parties to eavesdrop on visitor conversations, nor did Class Members know at the time of the conversations that Defendant was secretly wiretapping them and allowing third parties to eavesdrop on them.

## CLASS ALLEGATIONS

17. Plaintiff brings this action individually and on behalf of all others similarly situation (the "Class") defined as follows:

> **All persons within California who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website using cellular or landline telephony, and (2) whose communications were recorded and/or eavesdropped upon without prior consent.**

18. NUMEROSITY: Plaintiff does not know the number of Class Members but believes the number to be in the thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

19. COMMONALITY: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class. Such common legal and factual questions, which do not vary between Class members, and

COMPLAINT
4

which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

    a. Whether Defendant caused electronic communications from class members with the Website to be recorded, intercepted, and/or monitored;

    b. Whether Defendant aided and abetted a third party in eavesdropping on such communications;

    c. Whether Plaintiff and Class Members are entitled to statutory penalties; and

    d. Whether Class Members are entitled to injunctive relief.

20. TYPICALITY: As a person who visited Defendant's Website and whose electronic communication was recorded, intercepted and eavesdropped upon, Plaintiff is asserting claims that are typical of the Class.

21. ADEQUACY: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation. All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

22. SUPERIORITY: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

## FIRST CAUSE OF ACTION

### Violations of the California Invasion of Privacy Act

### Cal. Penal Code § 631

23. Section 631(a) of California's Penal Code imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument,

including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section". Here, Defendant does all three.

24.  Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's and the Class's electronic communications with Defendant's Website. "Though written in terms of wiretapping, Section 631(a) applies to Internet communications. It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.' Cal. Penal Code § 631(a)."

25.  The software embedded on Defendant's Website to record and eavesdrop upon the Class's communications qualifies as a "machine, instrument, contrivance, or ... other manner" used to engage in the prohibited conduct alleged herein.

26.  At all relevant times, Defendant intentionally caused the internet communication between Plaintiff and Class Members with Defendant's Website to be recorded. Defendant also aided, abetted, and even paid third parties to eavesdrop upon such conversations.

27.  Plaintiff and Class Members did not expressly or impliedly consent to any of Defendant's actions.

28.  Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory damages.

## PRAYER

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1. An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;

2. An order declaring Defendant's conduct violates CIPA;

3. An order of judgment in favor of Plaintiff and the Class and against Defendant on the causes of action asserted herein;

4. An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;

5. Statutory damages pursuant to CIPA; and

6. All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

Dated: April 10, 2023                TAULER SMITH LLP

By: _____
Robert Tauler
Attorney for Plaintiff,
Nora Gutierrez

COMPLAINT
7

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: April 10, 2023

TAULER SMITH LLP

By: _____
Robert Tauler
Attorney for Plaintiff,
Nora Gutierrez

COMPLAINT
8